# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3511

_____

CNH Industrial Capital America LLC

*Plaintiff - Appellee*

v.

Venture Equipment LLC; Steve Merritt; Ryan Adams; Randall Reed; Donald Johnson; Joseph Ridings; Rick Langston; James E. Langston; Wilford O. Langston; Wilford D. Langston; Kyle Langston; Greg A. Langston

*Defendant*s

Damon Merritt

*Defendant - Appellant*

Heidi Merritt; Eastline Leasing LLC; First Community Bank; BFG Corporation, doing business as Byline Financial Group as Assignee of De Lage Landen Financial Services, Inc, doing business as Byline Financial Group, doing business as De Lage Landen Financial Services Inc; Manitou North America LLC; James W. Langston

*Defendant*s

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: February 6, 2026
Filed: February 11, 2026
[Unpublished]
_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

Arkansas resident Damon Merritt appeals following the district court's adverse grant of summary judgment and denial of his post-judgment motions in a diversity action brought by CNH Industrial Capital America LLC (CNH), which raised claims under Arkansas state law.

CNH had agreements with Venture Equipment LLC, an agricultural equipment dealership owned by Merritt's brother, to provide financing to acquire inventory and for customers' equipment purchases. The summary judgment record showed that during a 2022 audit, CNH discovered 20 fictitious retail contracts with Venture Equipment taken out in Merritt's name. A forensic accountant working for CNH identified 74 payments from Venture Equipment to bank accounts in Merritt's name between June 2017 and December 2021, totaling $855,232.14. Summary judgment was granted to CNH on a fraudulent conveyance claim under the Arkansas Uniform Voidable Transactions Act (UVTA). Upon careful review, we conclude that the district court did not err in granting summary judgment to CNH. See Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006) (de novo review).

During the trial on the remaining claims, CNH's forensic accountant testified that all but approximately $40,000 of the $855,232.14 paid to Merritt's accounts was paid back to Venture Equipment or CNH to pay off the fictitious contracts. The jury

-2-

found Merritt not liable on CNH's remaining claims. In its final judgment, the district court ordered Merritt to pay $855,232.14 to CNH on the UVTA claim. Merritt argued in post-trial and post-judgment motions that CNH's claim was untimely as to some of the 74 payments. The district court rejected these arguments, finding that Merritt had waived his timeliness defense by failing to raise it until after trial. On appeal, Merritt argues that his timeliness argument was not waived because the UVTA constituted a statute of repose rather than a statute of limitations, and that enforcing the judgment would be inequitable.

Because the district court did not explicitly consider whether the award of the full amount of the fraudulent conveyances afforded CNH a windfall double recovery, we remand for the court to consider this issue in light of the evidence presented at trial that a majority of the amount transferred to Merritt by Venture Equipment was transferred back. See Douglas v. Adams Trucking Co., 46 S.W.3d 512, 517 (Ark. 2001) (disapproving of double recovery). If the timeliness issue still affects the amount of the judgment upon reconsideration, we also direct the district court to consider in the first instance whether the UVTA constituted a statute of repose or a statute of limitations, and thus whether Merritt's timeliness challenge was waived. See Ray & Sons Masonry Contractors, Inc. v. United States Fid. & Guar. Co., 114 S.W.3d 189, 199 (Ark. 2003) (comparing statutes of limitations and statutes of repose).

Accordingly, we affirm in part, and we remand to the district court for further proceedings as to the amount of the judgment.

_____